CITY OF OLEAN, Respondent, *v.* PENNSYLVANIA RAILROAD COMPANY et al., Appellants.

(Argued October 9, 1928; decided November 20, 1928.)

*Ernest C. Hornburg* for appellants. Plaintiff has mistaken its remedy. It should apply to the Public Service Commission for an alteration of the crossing, pursuant to section 91 of the Railroad Law. (*People* v. *N. Y., N. H. & H. R. R. Co.,* 89 N. Y. 266; *City of Mount Vernon* v. *N. Y., N. H. & H. R. R. Co.,* 232 N. Y. 309; *Matter of City of Mount Vernon,* 119 Misc. Rep. 561.) The evidence was insufficient to establish the existence of the highway at the time of the construction of defend-

ants' overhead crossing. (*People* v. *Underhill*, 144 N. Y. 316.)

*Frederick W. Kruse* for respondent. The evidence conclusively shows that Front street was a public highway at the time the railroad was constructed, and was such when the obstructions were made. (*Spier* v. *Town of Utrecht*, 121 N. Y. 420; *James* v. *Sammis*, 132 N. Y. 239; *City of Cohoes* v. *D. & H. R. R. Co.*, 134 N. Y. 397; 37 Cyc. 40; *Smith* v. *Ess*, 125 N. Y. Supp. 450; 157 App. Div. 943; *Cook* v. *Harris*, 61 N. Y. 448; *Matter of Hunter*, 163 N. Y. 542; *Wiggins* v. *Talmadge*, 11 Barb. 457; *Cleveland* v. *Cleveland*, 12 Wend. 172.) The abutments and embankment are an unlawful obstruction of the highway. (*People ex rel. Town of Colesville* v. *D. & H. R. R. Co.*, 177 N. Y. 337; *Post* v. *West Shore R. R. Co.*, 123 N. Y. 581; *D., L. & W. R. R. Co.* v. *City of Buffalo*, 158 N. Y. 266; *City of Mount Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 232 N. Y. 309.) The abutments and embankments being an unlawful obstruction in the highway, section 91 of the Railroad Law, which provides for the alteration of crossings, has no application. (*Mount Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 232 N. Y. 309; *Matter of City of Mount Vernon*, 119 Misc. Rep. 561; *People ex rel. Green* v. *D. & C. Co.*, 58 N. Y. 152; *People ex rel. Bacon* v. *N. C. R. Co.*, 164 N. Y. 289.)

LEHMAN, J. In 1872 the Buffalo, New York and Philadelphia Railroad Company, the defendants' predecessor in title, constructed its railroad above and across a country road in the town of Olean. The country road was narrow, little used and ill-constructed. It was used principally by drivers of milk wagons and others as a " short cut." Nevertheless the evidence establishes as matter of law that in 1872 and for some time prior to that date it was a public highway. It was included in road district No. 9 of the town of Olean as early as 1827. It was shown on public maps. There were some fences

on either side, and the way was not a mere track made by passing vehicles but was constructed of logs and at times "worked." (*Wiggins* v. *Talmadge*, 11 Bart. 437; *Cook* v. *Harris*, 61 N. Y. 448; *City of Cohoes* v. *D. & H. Canal Co.*, 134 N. Y. 397.)

At the time the railroad was constructed, the law enacted "to authorize the formation of railroad corporations, and to regulate the same" gave to every railroad corporation the power "to construct their road across, along, or upon any * * * highway * * * but the company shall restore the * * * highway * * * to its former state, or to such state as not unnecessarily to have impaired its usefulness," subject also to substantially the same proviso as is now contained in section 21 of the Railroad Law [Cons. Laws, ch. 49], that no corporation might construct its road upon or along any highway, "without the order of the supreme court of the judicial district in which said highway is situated, made at a special term of said court, after at least ten days' notice in writing of the intention to make application for said order shall have been given to the commissioners of highways of the town in which said highway is situated." (Section 28 of chapter 140 of the Laws of 1850, as amended by chapter 582 of the Laws of 1864.)

The railroad corporation in this case proceeded, without any application to the Supreme Court and without any order, to carry its road across the highway upon a trestle placed in the highway. There was, it is true, no interference with the traveled portion of the highway, and, in relation to the conditions of traffic, the then existing highway was left in "such state as not unnecessarily to have impaired its usefulness;" but without order of the court the railroad corporation had no right to erect any structure upon the highway. Since then, these defendants have built a stone embankment on the highway in place of the trestle. The opening in the embankment is as wide as was the opening in the trestle, but the conditions

of traffic have completely changed. The rural highway is now a city street, and the structure maintained by the railroads in the street concededly renders traffic thereon inconvenient and dangerous, and seriously impairs its usefulness.

The courts below have held that the railroad embankment constitutes an unlawful obstruction in the highway and have ordered its removal. The defendants admit that the structure does obstruct traffic in the highway and impairs its usefulness, but they claim that the remedy is not by action to compel removal of the structure, but by petition made under section 91 of the Railroad Law for " alteration of existing crossing," and that it should bear only one-half of the expense of the alteration.

In *City of Mt. Vernon* v. *N. Y., N. H. & H. R. R. Co.* (232 N. Y. 309) this court held that even where a railroad corporation had received permission from the proper authorities for the erection of a structure in the highway, it yet remained under a continuous duty to restore the highway to its former state of usefulness and to preserve it in such state, and that " increase in population or business on the highway which renders the same inadequate for the needs and safety of the public requires the railroad company to make such changes as are reasonably necessary to provide for the needs of the public." In that case an order to compel the railroad company to remove all obstructions in the highway was affirmed, but the court refused to consider the effect of section 91 of the Railroad Law, since its pertinent provisions had been adopted four years subsequent to the commencement of the action.

Under the statute occupation of any part of a highway by a railroad corporation is unlawful, unless authorized by order of the Supreme Court made after notice to the town officers. Such order does not relieve the railroad company of its continuing duty not unnecessarily to impair its usefulness. Prior to the enactment of section 91 of the Railroad Law, compliance with that duty might be compelled by judgment of the Supreme Court that the

company should remove encroachments upon the street which impair its usefulness. We cannot escape the conclusion that section 91 of the Railroad Law was intended to include a case where a structure in the highway, lawful when erected, impairs the usefulness of the highway thereafter, and adversely affects the public safety. A construction which would limit its application to cases where the railroad has placed no physical obstruction in any portion of the highway, or to cases where the railroad was built after the passage of the act, would be contrary both to the language and spirit of the statute. The power given by statute to the railroad company to build its road upon or along a highway is still burdened with the obligation that the usefulness of the highway shall not be impaired by the structure, but the Legislature has now decreed that in cases where public safety requires an alteration of an existing crossing, compliance by the railroad with its obligation may be enforced only in the manner provided by section 91 of the Railroad Law, and that the railroad corporation shall bear only one-half of the expense.

In this case, however, the railroad company's occupation of the highway has been unlawful since its inception. Public safety requires alteration of the crossing, but the railroad structure in the highway would be unlawful even if the highway in its present condition were not unsafe. The Legislature has not decreed that the public may be compelled to bear any part of the expense for the elimination or alteration of a structure which the railroad corporation has erected and maintains without lawful right. The judgment does not compel the alteration of a crossing; it requires the elimination from the highway of the structure placed therein without lawful authority.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.