FRANCES NEWMAN STURMAN, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 21896.) — Appeal by the defendant from a judgment of the Court of Claims awarding plaintiff $45,000 damages. Plaintiff was riding as a passenger in an automobile being driven in a northerly direction along the Albany Post road south of Peekskill at about twelve-thirty A. M. There was no other traffic on the highway. From a point one hundred and twenty feet south of the bridge the concrete pavement gradually narrowed in width from twenty-seven feet to twenty feet and crossed a bridge over the New York Central Railroad tracks. There were several warning signs indicating this approach to the bridge and a large red reflector hazard sign at the bridge. The night was clear, and the pavement dry. There appears to be no reason why the driver should not have traveled this highway in safety. Instead, he drove the car off the left side of the highway as he approached the bridge, mounted a six-inch concrete guard, went through an iron railing fence supported on iron posts embedded in concrete, for some distance through the air, completely clearing a line of telephone wires which ran beside the railroad tracks under the bridge and then onto the railroad tracks below. It is quite apparent that he was driving at an extremely high and dangerous rate of speed without his car under control and that the accident happened solely through his negligence. The record fails to disclose any negligence on the part of the defendant which was a proximate cause of this accident. Judgment reversed on the law and facts, and claim dismissed. The court reverses: 1. The following findings of fact contained in the decision: " 4," " 5," " 6," " 7," " 8," " 9," " 12," " 13," " 14," " 15," " 16," " 17," " 18," " 19," " 20," " 21," " 22," " 23," " 24," " 25," " 26," " 27," " 28," " 29," " 30," " 31," " 32," " 34," " 37," " 38," " 39," " 42," " 43," " 44," " 45," " 46," " 47 " and " 48." 2. The following findings of fact contained in the claimant's requests to find: " 7," " 8," " 9," " 10," " 11," " 12," " 15," " 16," " 17," " 18," " 19," " 20," " 21," " 22," " 23," " 24," " 25," " 26," " 27," " 28," " 29," " 30," " 31," " 32," " 33," " 34," " 35," " 37," " 38," " 39," " 40," " 42," " 43," " 44," " 45," and " 47." 3. All of the findings of fact contained in the conclusions of law in the decision and claimant's requests to find. The court disapproves: 1. The following conclusions of law contained in the decision: " 1." 2. The following conclusions of law contained in the claimant's requests to find: " I," " II," " III," " IV," " V," " VI," " VII " and " VIII." The court makes the following findings of fact contained in the State's requests to find and disapproves of the refusal of the court below to find the same, namely: " 5," " 8," " 12," " 13," " 14," " 15," " 16," " 17," " 18," " 19," " 21," " 22," " 23," " 24 " and " 25." The court makes the following conclusions of law contained in the State's requests to find and disapproves of the refusal of the court below to so find, namely: " 1," " 2 " and " 3." McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., and Heffernan, J., dissent and vote to affirm, upon the ground that it appears from the evidence

that the concrete surfaced road was twenty-seven feet wide with three traffic lanes, to within one hundred and twenty feet of the bridge, then the width of each outside lane was reduced gradually by three and one-half feet, the roadway over the bridge being but twenty feet wide. At the time of the accident there was a warning sign about six hundred feet south of the bridge, that being the direction from which claimant was traveling. This the driver of the car says he did not see. Argument is made that this sign, being on a curve and four feet high, would not be seen plainly in the night time, if indeed it could be seen at all. The only other warning was a reflector at the southerly end of the bridge, three and one-half feet east of the edge of the road. It is argued convincingly that this was not visible to a traveler until he had approached within sixty to eighty feet of it, because the bridge was higher than the road to the south. The driver of the automobile mistook this reflector for the warning on the rear of a standing or slowly moving truck, swung his car sharply to the west, his left, and broke through the iron railing on that side of the bridge. The reflector, because of the narrowing of the traffic lane upon which the car was traveling, appeared to be upon the concrete portion of the highway. The claimant was not guilty of contributory negligence. (*Nelson* v. *Nygren*, 259 N. Y. 71.) If the driver of the automobile was negligent, it is not attributable to her. The evidence presented a question of fact as to the negligence of the State.