FRANCES N. STURMAN, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Argued January 6, 1939; decided February 28, 1939.

*Ralph Stout, Louis Rothbard* and *Abraham Males* for appellant. Upon the evidence it was a question of fact for the jury whether the bridge, as maintained by the defendant, was a nuisance. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 594; *Allen* v. *B., R. & P. Ry. Co.*, 151 N. Y. 434; *Hatch* v. *Syracuse, B. & N. Y. R. R. Co.*, 50 Hun, 64; *City of Mount Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 232 N. Y. 309; *People* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 302; *Cooke* v. *Boston & Lowell R. R. Co.*, 133 Mass. 185; *Charlottesville* v. *So. Ry. Co.*, 97 Va. 428; *Burritt* v. *New Haven*, 42 Conn. 174; *Indiana* v. *Lake Erie & W. R. R. Co.*, 83 Fed. Rep. 284; *Little Miami R. R. Co.* v. *Commrs.*, 31 Ohio St. 338; *Atchison, etc., R. R. Co.* v. *Henry*, 57 Kan. 154; *Briggs* v. *City of North Tonawanda*, 213 App. Div. 781; *Koehler* v. *City of New York*, 262 N. Y. 74; *Stern* v. *International Ry. Co.*, 220 N. Y. 284.) The questions of defendant's negligence and plaintiff's freedom from contributory negligence were for the jury. (*Saphir* v. *Childs*

*Co.*, 243 App. Div. 636; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *Glover* v. *Holbrook, Cabot & Rollins Corp.*, 189 App. Div. 328; *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320; *Annino* v. *City of Utica*, 276 N. Y. 192.) The defendant was not relieved from its duty of safeguarding travelers lawfully using the highway because no order had been made prior to the accident by the Public Service Commission requiring the defendant to widen the bridge. (*D., L. & W. R. R. Co.* v. *City of Buffalo*, 158 N. Y. 266; *McGettigan* v. *N. Y. C. R. R. Co.*, 268 N. Y. 66.) The judgment in the plaintiff's prior action against the State of New York arising out of this accident was not *res judicata* herein. (*Bolivar* v. *Monnat*, 232 App. Div. 33; *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 225 U. S. 111.)

*Kenneth O. Mott-Smith* and *Clive C. Handy* for respondent. The State and not the railroad owed the duty to maintain the roadway over and the approaches to the bridge in a safe condition. (*City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 142; *Bush* v. *Delaware, L. & W. R. R. Co.*, 166 N. Y. 210; *Town of Cortlandt* v. *N. Y. C. R. R. Co.*, 175 App. Div. 194; 220 N. Y. 598; *Murphy* v. *Delaware & Hudson Co.*, 151 App. Div. 351; *Burchard* v. *Payne*, 197 App. Div. 829; 233 N. Y. 671.) If the State had adequately discharged its duty of warning the public of the danger created by the widening of the highway, no further duty to the public was owed by the railroad. Hence the decision in the plaintiff's action against the State is dispositive of the present action. (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14; *Weis* v. *Long Island R. R. Co.*, 262 N. Y. 352.) Neither at common law nor by statute is any duty placed upon a railroad company to institute proceedings before the Public Service Commission for the widening or reconstruction of a bridge rendered inadequate or dangerous through no act of default on the part of the railroad. (*Shea* v. *B. & M. R. R.*, 191 Atl. Rep. 650.) Section 21 of the Railroad Law (Cons. Laws, ch. 49) requires a railroad only to restore a highway to its original condition. Where

a bridge as constructed is the same width as the original highway, section 21 does not require the bridge to be rebuilt so as to accommodate a wider highway nor does it impose upon a railroad company any added duty to that imposed by sections 89 to 95, inclusive. Still less does it furnish any ground for imposing civil liability upon a railroad in the absence of any notification in writing by the public authorities of the inadequacy of the existing bridge. (*People v. N. Y., N. H. & H. R. R. Co.*, 89 N. Y. 266; *Allen v. Buffalo, R. & P. R. Co.*, 151 N. Y. 434; *Murphy v. D. & H. Co.*, 151 App. Div. 351; *Burchard v. Payne*, 197 App. Div. 829; 233 N. Y. 671.)

LOUGHRAN, J. In the early morning of December 14, 1930, an automobile driven by Irving L. Levey crashed through the side railings of a bridge that carried the Albany post road over the right of way of the New York Central Railroad Company and fell to the tracks below. Plaintiff, who was a guest in the vehicle, sues the railroad company for injuries she suffered on that occasion.

The bridge was located in the town of Cortlandt, Westchester county, a short distance south of Peekskill. As rebuilt by a predecessor of the defendant in 1911, it was twenty feet wide as was the adjacent pavement of the post road at that time. In 1927 this pavement was widened by the State to twenty-seven feet and at either approach to the bridge was so tapered as to adjust it to the twenty-foot width thereof.

Plaintiff offered evidence tending to show that in the changed terrain the structure and location of the bridge made it a menace to travelers on the highway in the night time and that (although the danger had been proclaimed by the occurrence of more than 200 similar accidents) the defendant gave no warning of that situation. When the direct case was still uncompleted, the trial judge dismissed the complaint on the short ground that the defendant owed no duty to the plaintiff in the circumstances. The Appellate Division affirmed. In view of the general importance

of the question involved, this court granted the plaintiff leave to appeal.

The defendant is a successor of the Hudson River Railroad Company, a corporation that was created by chapter 216 of the Laws of 1846. Section 14 thereof made this provision: " Whenever it shall be necessary for the construction of their single, double or treble railroad or way, to intersect or cross * * * any road or highway, * * * it shall be lawful for the said corporation to construct their way or ways across or upon the same; but the corporation shall restore the * * * road or highway, thus intersected, to its former state in a sufficient manner so as not to have impaired its usefulness." So, the Railroad Law (Cons. Laws, ch. 49) has long provided: " Every railroad corporation which shall build its road along, across or upon any * * * street, highway, plank-road or turnpike, which the route of its road shall intersect or touch, shall restore the * * * street, highway, plank-road and turnpike, thus intersected or touched, to its former state, or to such state as not to have unnecessarily impaired its usefulness, and any such highway, turnpike or plank-road may be carried by it, under or over its track, as may be found most expedient." (Now § 21.)

The burden so imposed is a continuing duty of restoration, maintenance and care and within limits requires railroad corporations to make such alterations of their highway appurtenances as from time to time become necessary to the public safety and convenience in keeping with regional developments and growth of traffic. (*City of Mt. Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 232 N. Y. 309, 316, 317, and cases there cited.) This much the defendant does not deny. The main question here presented is as to the scope of that obligation in this instance. " If it had been disregarded either in its letter or spirit, the defendant was liable for the damages resulting to the plaintiff." (*Allen* v. *Buffalo, R. & P. Ry. Co.*, 151 N. Y. 434, 442.)

Defendant's argument is put largely upon the more recently enacted provisions of sections 93 and 91 of the

statute. These are pressed upon us as having superseded section 21 in any bearing that it might otherwise have had on this case.

It is true that in accordance with section 93 the roadway over the bridge and the approaches thereto were to be maintained and kept in repair by the municipal or State authority having jurisdiction, except in contingencies that do not here appear. (*Weis* v. *Long Island R. R. Co.*, 262 N. Y. 352.) Section 21 may be taken to be limited accordingly. This limitation, however, leaves the case substantially the same, for section 93 also provides: " When a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation." (See *Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210.)

The effect of section 91 is that an alteration of an existing crossing can now be brought about only pursuant to an order of the Commission having jurisdiction made in a proceeding initiated either by the railroad corporation or by the competent municipal or State authority — and then the expense thereof is to be divided between the corporation and the community in accordance with section 94. But nothing in these procedural requirements makes section 21 any less a vital substantive part of the statute. (*People ex rel. Town of Colesville* v. *D. & H. Co.*, 177 N. Y. 337; *City of Olean* v. *Pennsylvania R. R. Co.*, 249 N. Y. 364, 368.)

Plaintiff's case is not that the defendant unreasonably delayed prosecution of a proceeding under section 91 for alteration of this crossing. As counsel state it, her position is " that it was the duty of the defendant railroad, after notice had been brought home to it by repeated accidents due to its narrow bridge, to take reasonable care (by illumination and warning) to protect travellers lawfully and properly using the highway from the existing danger." Our best judgment is that the plaintiff has the right to a decision of the issue whether in all the circumstances such a default of the defendant amounted to a breach of its continuing duty not unnecessarily to impair the usefulness

of the highway. (See *Stern* v. *International Ry. Co.*, 220 N. Y. 284; *McGettigan* v. *N. Y. C. R. R. Co.*, 268 N. Y. 66; *Forte* v. *City of Albany*, 279 N. Y. 416; *Manley* v. *St. Helens Canal & Ry. Co.*, 2 Hurlstone & Norman, 840.)

A claim made by this plaintiff against the State for compensation for her injuries was heretofore dismissed on a finding that the sole proximate cause of the accident was the failure of Mr. Levey, the driver of the automobile, to heed warning signs placed by the State to apprise passing motorists of the potential danger of the narrow bridge (*Sturman* v. *State of New York*, 269 N. Y. 627.) This defendant was not a party to that litigation (cf. *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 247, 255) nor was the negligence of Mr. Levey to be imputed to the plaintiff. (*Koehler* v. *City of New York*, 262 N. Y. 74, 79; *Michelson* v. *Stuhlman*, 272 N. Y. 163.)

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event. (See 280 N. Y. 688.)

CRANE, Ch. J., O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur; LEHMAN, J., taking no part.

Judgments reversed, etc.