BURT et al. v. LIMA & H. F. R. CO.

(Supreme Court, Special Term, Livingston County.   September 15, 1892.)

1. RAILROAD COMPANIES—OCCUPATION OF HIGHWAY.
    Laws 1890, c. 565, § 4, permitting a railroad company to construct its road "across, along, or upon" any highway, contemplates only a casual or inci-

dental occupation and use of the highways, and does not authorize a com
pany to build its entire railway along a highway between two villages.

2. SAME—EMINENT DOMAIN—ADDITIONAL BURDEN—COMPENSATION.

Even if a railroad company did have the right, under Laws 1890, c. 565, § 4,
to build its entire railway along a highway, such use would impose an addi-
tional burden on the fee, and it would have to first make compensation to
the abutting landowners, or acquire the right by condemnation proceedings.

At chambers.   Action by Alice N. Burt and others against the Lima
& Honeoye Falls Railroad Company to enjoin defendant from con-
structing its road along a highway.   Defendant moves to dissolve an
injunction granted at chambers.   Motion denied.

E. A. Nash and George W. Atwell, Jr., for the motion.

C. A. Shuart, opposed.

MACOMBER, J.   The defendant is a domestic corporation organized
under the general railway act, and proposes to construct and operate its
steam locomotive railroad from the village of Lima, N. Y., to the vil-
lage of Honeoye Falls, N. Y., a distance of four miles.   The purpose of
the company is to lay the tracks and operate the road in the highways
between these two villages.   The route, as I understand it, would be
about three miles north from the village of Lima in the highway, with
a turn at right angles, east for one mile, also in the highway, to the
village of Honeoye Falls.   It is shown by the moving papers that the
consent of most of the abutting owners along this route has been ob-
tained for this purpose, and that the commissioners of highways have
also consented to the construction of this railway in the highways.   The
plaintiffs, however, have not given their consent thereto, and conse-
quently are entitled to maintain this action, because, as abutting owners
of lands, (their title extending to the middle of the highway,) there
would be imposed upon the highway, to the injury of the plaintiffs, a
greater burden, if the railroad were permitted to be so constructed, than
was originally contemplated in the establishment of the highways.   The
affidavits in behalf of the motion show that, whatever may be the abso-
lute rights of the defendant, organized under the general railway act, it
has no purpose, as a matter of fact, in operating a steam railway in the
usual manner in which such railways are conducted; on the contrary,
they show that the motive power is to be what is called a "steam motor,"
rather than a steam engine, which, as I understand it, is nothing more
or less than a light steam engine.   They further aver that they intend to
operate the road very much like a street railway, stopping at any place
along the highway when any person desires to get aboard or get off the
cars.   While the good faith of these promises is not to be questioned, I
think the court is bound to look at the case in the light of the actual
rights which would be secured to the defendant if permitted to operate
its road at all.   The track, as I understand it, is of the standard gauge,
which would admit cars or locomotives from any of the ordinary rail-
ways operated in the state.   By the fourth section of the railroad act,
(chapter 565, Laws 1890,) the defendant, it is true, would be permitted,
if such occupation was required, to construct its railroad "across, along,
or upon" any highway which it should encounter in the route which it

had laid out.   But such occupation and use of the highways as was contemplated by this statute is only a casual or incidental matter, and does not, I think, authorize a railroad company so organized to project and build its entire railway along the lines of the highways of this state. This was the conclusion reached by Mr. Justice Rumsey in an opinion which has been submitted herein, entitled: "In the matter of the application of this defendant," to lay its tracks in the main street in Honeoye Falls, and handed down August 20, 1892.   That opinion closes as follows:

"It follows, therefore, that the court has no power to allow this company to lay its tracks in the street upon this application; and that if this company takes the highway or street for that purpose, the tracks so put there would be a nuisance, and neither the consent of the town or village officers, nor any order, would protect it."

Even if I were so disposed, I should hesitate on this motion to arrive at a conclusion different from that of Mr. Justice 1 umsey in the case named, which was one involving this precise question, as well as others.

But, aside from this consideration, I am further of the opinion that, whatever may be the rights of the defendant to lay its tracks and operate the railroad in the line proposed, it cannot do so without first making compensation to the plaintiffs.   It is no answer to this proposition to say that damages may be awarded in this action, provided a permanent injunction shall be directed to issue.   If the defendant is legally organized, and has properly laid out its route, and is entitled to the use of this highway, irrespective of the rights of the public, still it cannot pass the plaintiffs' premises without first making compensation for the additional burden which the operation of a railway would impose upon their lands.   No effort seems to have been made to agree with the plaintiffs as to suitable compensation, and no steps have been taken under condemnation proceedings, which are open to the defendant, provided it is able to establish its rights to lay out and operate its railroad on this line, and to avail itself for that purpose of the right of eminent domain.   I have attentively considered the suggestions made by the learned counsel for the defendant touching a modification of the injunction order, so as to permit the construction of the railway to proceed, after making provision for payment of the plaintiffs' damages; but I see no way by which it may be done with due regard to the plaintiffs' legal rights.   Such a course would only postpone, not avoid, the day when the defendant must, before proceeding further, establish its right to appropriate the highways of these two towns to railway purposes.   The provisions of the condemnation law are open to the defendant.   If it cannot succeed under them, it ought not to succeed at all.   I feel constrained to deny the motion.