expenses of the department of water supply, gas, and electricity; and when it exercised that power the appellant, as commissioner of that department, could do nothing but comply with its order. This he did, and in a manner justified by law. In doing so, he abolished the position which the relator then held. After the position had been abolished, the only right which the relator had was to have his name certified to the civil service commission for reinstatement, in accordance with the provisions of section 1543· of the Greater New York charter, and this is precisely what was done. The fact that the commissioner stated in his notice that the relator had been removed from the service of the department did not make it so, or deprive him of any rights to which he was entitled when his name was certified.

The case is quite similar to People ex rel. Levenson v. Wells, 78 App. Div. 373, 79 N. Y. Supp. 728. We there held that an employé of the city who was deprived of a position which he held under the civil service because it had been in good faith abolished was not thereby removed from the municipal civil service, but was merely suspended without pay, in accordance with the section of the charter above referred to; and we also held in that case that, where the employé was thus suspended, he was not entitled to notice of the abolishment of his position. The notice given to the relator was erroneous, in that it stated he had been removed from the service of the department, but this did no harm. The law looks to substance, and not to form. The better practice undoubtedly would have been as suggested in the Levenson Case, to have notified him he was suspended. The proper notice was given to the civil service commission, which resulted in the relator's being assigned to the first vacancy in the department. All his rights were thus preserved, and he is not entitled to be reinstated in his original position. The peremptory writ directing such reinstatement should not, therefore, have been granted.

It follows that the order should be reversed and the proceeding dismissed with $50 costs and disbursements. All concur.

---

(100 App. Div. 42)

### BUTIN et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. RAILROADS—OCCUPATION OF STREET—DUTY TO REPAIR—AGREEMENT WITH CITY.

· An agreement between a city and a railroad requiring the city to keep in repair that portion of a street occupied by the railroad does not release the railroad from the duty to repair imposed by the railroad law. Laws 1850, p. 223, c. 140, § 28.

Appeal from Onondaga County Court.

Action by Morris Butin and another against the New York Central & Hudson River Railroad Company. From a judgment and order affirming a judgment of the Municipal Court of the City of Syracuse in favor of plaintiffs, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Frank Hiscock, for appellant.

Henry B. Buck, for respondents.

STOVER, J. The action is to recover for injuries to a horse by reason of the negligence of defendant in allowing the crossing at a street intersection in the city of Syracuse to become out of repair. The horse, while being driven over the crossing, stepped into a hole next to the inside of the rail of defendant's track, and was injured. The defense is that by reason of an agreement between the city of Syracuse and defendant the defendant was relieved of all liability to maintain or repair the crossing in question. The agreement in question was made July 16, 1892, and recited agreements theretofore made between the parties, and a dispute as to the rights and obligations thereunder, and followed this with an agreement as to the paving of Washington street, the locus in quo, and a stipulation releasing for the term of 25 years from July 16, 1892, the defendant from "all and every obligation, charge, or liability in respect to planking, replanking, paving, repaving, or keeping in repair the said Washington street, or any part thereof," within boundaries including the place of the accident. The said Washington street being occupied by the tracks of defendant within these boundaries, it was further stipulated that the defendant "shall and will replace and properly and suitably repair any of the said pavement which may be torn up, destroyed, or in any manner interfered with by the said [defendant] in maintaining, repairing, or replacing its tracks or rails on any portion thereof." It is the contention of the defendant that, notwithstanding the provisions of the general railroad law, the contract relieves the defendant from liability to keep the portion of the highway occupied by its tracks in repair. Under the provisions of the general railroad law defendant was bound to keep the street at the point of the accident in repair, and in such condition that the public could pass over it in safety. Laws 1850, p. 223, c. 140, § 28; Masterson v. N. Y. Cent. & H. R. R. Co., 84 N. Y. 247, 38 Am. Rep. 510. It is contended, however, that under the ruling in Binninger v. City of New York, 177 N. Y. 199, 69 N. E. 390, the agreement in question operated to relieve defendant from this liability. The distinction between this case and the one last cited is that here we have not the legislative sanction to the contract. In the Bininger Case the Legislature had, in the city charter, adopted a scheme of assessment for and control of improvements and repairs, and it was held that the effect of such legislative action was to relieve the railroad company from its liability under the general law, the special provisions of the charter superseding the general law. As was said in the Masterson Case:

"There is nothing in any statute to which our attention has been called, and there is no principle of law, which relieves the defendant from the performance of a duty upon which the lives of citizens depend, and which should be performed exactly and without abatement. It certainly could by no act of

lts own relieve itself from this liability, and it has not been modified or dispensed with by the Legislature."

The city of Syracuse may have assumed liability as to the street, but this did not relieve the railroad company from the duty imposed by the Legislature. Masterson Case, supra, and cases cited. The evidence justified a finding of negligence upon the part of any one responsible for the repair and maintenance of the crossing, and, this duty being upon the defendant, the judgment was correct. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except McLENNAN, P. J., not voting.