A motion to strike out this testimony as being incompetent and not binding upon the defendant was made and denied, and exception taken. During the charge of the judge to the jury, he used this language:

"I will call your attention to the testimony, which stands uncontradicted, to the effect that this defendant, through his attorney, offered to pay the full amount of the claim if the costs would be thrown off. That is for you to consider, and if you believe the work was valueless and useless, as is claimed by the defendant, whether he would agree to pay the full amount for the work, that is a circumstance for you to consider in connection with the entire evidence in this case, as to whether or not the work was improperly done."

The allowance of this testimony over objection, and the reference to the same in the judge's charge, were clearly error. The testimony was not only hearsay, but it was merely an offer of payment or settlement on the part of the attorney for the defendant, and was incompetent for any purpose. The judgment must be reversed, and, under the circumstances, with costs to the appellant.

Judgment reversed, with costs to the appellant, and a new trial ordered. All concur.

---

In re KEESEVILLE, A. S. C. & L. C. R. CO.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. RAILROADS—OPERATION ON VILLAGE STREETS—AUTHORITY.

Railroad Law, Laws 1890, p. 1087, c. 565, § 11, prohibits the construction of a railroad on a village street without an order of the court on notice to the trustees of the village. A company incorporated as a steam railroad applied for an order permitting it to construct its road on certain streets in a village. It did not show that the interests of the company or of the public would be promoted thereby. The village authorities, opposing the application, showed that the proposed railroad would be on some of the busiest streets of the village, thereby proving a menace and obstruction to travel and traffic and causing a substantial depreciation in values of real estate along the line of the proposed road. *Held* that, as a railroad company cannot in view of the statute arbitrarily extend its road over the streets of a village, the application was properly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 183–203.]

2. SAME.

A company organized as a steam railroad company changed its motive power to electricity and applied for an order permitting it to construct its roads on certain streets in a village. *Held* that, if the purpose of the application was to enable the company to do the business of a street surface railroad, the application was properly denied, because the company was not organized for the purpose of doing that kind of business, and because it had not procured the consents of the property owners and local authorities, as provided by Railroad Law, Laws 1890, p. 1108, c. 565, § 91.

Appeal from Special Term, Essex County.

In the matter of the application of the Keeseville, Au Sable Chasm & Lake Champlain Railroad Company for an order permitting it to construct its road on certain streets in the village of Keeseville. From an order denying the application, it appeals. Affirmed.

See 94 N. Y. Supp. 555.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

Thomas O'Connor, for appellant.
Oliver A. Wolcott, for respondent.

COCHRANE, J. The appellant has been incorporated as a steam railroad company. It operates such a railroad from Port Kent to Keeseville, a distance of about six miles, connecting the village of Keeseville with the main line of the Delaware & Hudson Railroad Company. Its Keeseville station is located near the village limits. Desiring to extend its road within the village of Keeseville, the appellant made application for an order permitting it to construct such road upon and along certain streets in said village. Such application was made necessary by section 11 of the Railroad Law (Laws 1890, p. 1087, c. 565), which prohibits the construction of a railroad on a village street without an order of the court on notice to the board of trustees of the village. The order appealed from denied said application.

No reason is suggested to the court why this proposed extension should be made. It does not appear that there is any need of a railroad on the streets of Keeseville, or that the interests of the appellant or of the public will to the slightest extent be subserved or promoted thereby. The moving papers are absolutely barren of any suggestion in favor of the application. On the other hand, the application is strenuously opposed by the village authorities, who show that the proposed railroad is to be built on some of the busiest and most thickly populated streets of the village, thereby proving a serious menace and obstacle to travel, traffic, and industry, and causing substantial depreciation in real estate values along the line of the proposed road. Nothing is shown in favor of the application. Every reason is against it. A railroad corporation cannot arbitrarily extend its road over the streets and highways of a village, else there would be no purpose in said section 11 of the railroad law which requires such corporation to procure an order of the court permitting such construction after notice to the officers of the village in question. And when, as in this case, the applicant fails to show the slightest reason for the proposed construction, and the municipality furnishes very cogent reasons in opposition, such application is properly denied.

It is suggested by the respondent that the disguised purpose of the application is to enable the appellant to do the business of a street surface railroad within the village of Keeseville. The fact that the proposed extension consists of two diverging branches through the village, coupled with the fact that the appellant has changed its motive power from steam to electricity, lends color to this suggestion, which, if well founded, furnishes an additional reason why the application should be denied, inasmuch as the appellant does not appear to have been organized for the purpose of doing that kind of business, nor has it procured the consents of the property owners and local authorities which are required for such purpose by section 91 of the railroad law.

The order should be affirmed, with costs. All concur.