In the Matter of CHARLES H. SELLS, as State Superintendent of Public Works, Respondent, against DEFENSE PLANT CORPORATION et al., Appellants.

Argued November 20, 1945; decided March 7, 1946.

228 ■

*Harold E. Jacobson, Sol A. Liebman* and *Henry Fabricant* for Defense Plant Corporation, appellant. I. This appellant, an instrumentality of the United States Government engaged in the performance of a governmental function, is immune from State regulation. (*Ohio* v. *Thomas,* 173 U. S. 276; *Erie R. R. Co.* v. *New York,* 233 U. S. 671; *Hunt* v. *United States,* 278 U. S. 96; *Arizona* v. *California,* 283 U. S. 423; *Oklahoma* v. *Atkinson Co.,* 313 U. S. 508; *People* v. *Hudson River Connecting R. R. Corp.,* 228 N. Y. 203; *City of Newark* v. *Central R. Co.,* 297 F. 77; *Emergency Fleet Corporation* v. *Western Union Tel. Co.,* 275 U. S. 415; *Chesapeake & Delaware Canal Co.* v. *United States,* 250 U. S. 123; *Madden* v. *United States,* 80 F. 2d 672, 297 U. S. 710; *Clallam County* v. *United States,* 263 U. S. 341; *Wagner* v. *McDonald,* 96 F. 2d 273; *Defense Supplies Corp.* v. *United States Lines Co.,* 57 F. Supp. 291, 148 F. 2d 311.) II. The court below erred in limiting immunity solely to government officials. Third parties who have been engaged and directed by the Federal Government to perform a governmental function are responsible only to the Federal Government in accomplishment thereof. The State may not intervene between the sovereign and its agents. (*McCulloch* v. *Maryland,* 4 Wheat. 416; *Oklahoma* v. *Atkinson Co.,* 313 U. S. 508; *Yearsley* v. *Ross Constr. Co.,* 309 U. S. 18; *United States* v. *Mayo,* 47 F. Supp. 552, 319 U. S. 441; *Lester* v. *Tarlton Contractors, Inc.,* 45 F. Supp. 994; *People* v. *Hudson River Connecting R. R. Corp.,* 228 N. Y. 203; *California* v. *Pacific Railroad Co.,* 127 U. S. 1.) III. The granting of an order of mandamus by the court below encroaches upon the jurisdiction and nullifies the decrees of the United States District Court. (*De Coss* v. *Turner & Blanchard, Inc.,* 267 N. Y. 207; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Haverhill* v. *International Railway Co.,* 217 App. Div. 521; *Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14; *People* v. *Hudson River Connecting R. R. Corp.,* 228 N. Y. 203; *Goldstein* v. *Somervell,* 10 N. Y. S. 2d 747.)

*John B. Henrich, Jr.*, for National Lead Company, appellant. I. The granting of an order in the nature of mandamus under article 78 of the Civil Practice Act would conflict with and impair the jurisdiction and decrees of the United States District Court and would encroach upon the sovereign immunity of the United States Government. II. The Defense Plant Corporation is an instrumentality of the United States Government engaged in the performance of a governmental function, and is immune from State control and regulation. (*McCulloch* v. *Maryland,* 4 Wheat. 316; *Ohio* v. *Thomas,* 173 U. S. 276; *Erie R. R. Co.* v. *New York,* 233 U. S. 671; *Johnson* v. *Maryland,* 254 U. S. 51; *People* v. *Hudson River Connecting R. R. Corp.,* 228 N. Y. 203; *City of Newark* v. *Central R. Co.,* 297 F. 77; *Hunt* v. *United States,* 278 U. S. 96; *Arizona* v. *California,* 283 U. S. 423; *Stewart & Co.* v. *Sadrakula,* 309 U. S. 94; *Oklahoma* v. *Atkinson Co.,* 313 U. S. 508; *United States* v. *Mayo,* 47 F. Supp. 552; *Pittman* v. *Home Owners' Corp.,* 308 U. S. 21; *Graves* v. *N. Y. ex rel. O'Keefe,* 306 U. S. 466; *State Tax Commission* v. *Van Cott,* 306 U. S. 511.) III. The provisions of section 21 of the Railroad Law do not apply to appellants. (*People ex rel. Erie R. R. Co.* v. *Public Service Comm.,* 176 App. Div. 28; *People ex rel. L. I. R. R. Co.,* v. *Public Service Comm.,* 170 App. Div. 429.)

*Joseph Rosch* and *Alfred D. Kelly* for Delaware and Hudson Railroad Corporation, appellant. I. Section 21 of the Railroad Law has no application. II. The right to cross the highways was acquired by the Federal Government under its power of condemnation. III. The granting of a directive order, under article 78 of the Civil Practice Act, should be ruled and controlled by the legal principles which have been applied to the granting of a peremptory writ of mandamus. (*People ex rel. McMackin* v. *Bd. of Police,* 107 N. Y. 235; *Matter of Leitner* v. *New York Telephone Co.,* 277 N. Y. 180; *People ex rel. Huntington* v. *Crennan,* 141 N. Y. 239; *Matter of Clements,* 191 App. Div. 279.)

*J. Edward Williams, Roger P. Marquis* and *Fred W. Smith* for United States of America, *amicus curiæ,* in support of appellant's position. I. Defense Plant Corporation, as a wholly-owned agency of the United States, is not subject to State regulation of its activities in the performance of governmental functions.

(*Ohio* v. *Thomas,* 173 U. S. 276; *Hunt* v. *United. States,* 278 U. S. 96; *Arizona* v. *California,* 283 U. S. 423; *Johnson* v. *Maryland,* 254 U. S. 51; *United States* v. *Sanitary District of Chicago,* 149 F. 2d 951.) II. State regulation is inapplicable to the construction and operation of the railroad here involved, since it is an instrumentality of the United States. (*Ohio* v. *Thomas,* 173 U. S. 276; *Hunt* v. *United States,* 278 U. S. 96; *Arizona* v. *California,* 283 U. S. 423; *Johnson* v. *Maryland,* 254 U. S. 51; *United States* v. *Mayo,* 319 U. S. 441.) III. State courts lack jurisdiction to issue mandamus against Federal agents. (*McClung* v. *Silliman,* 6 Wheat. 598; *Ex Parte Shockley,* 17 F. 2d 133; *Schmoll, Inc.,* v. *Federal Reserve Bank of New York,* 286 N. Y. 503, 315 U. S. 818; *Goldstein* v. *Sommervell,* 170 Misc. 602; *Brewer* v. *Kidd,* 23 Mich. 440; *Hinkle* v. *Town of Franklin,* 118 W. Va. 585; *Mallory* v. *Wheeler,* 151 Wis. 136.) IV. The judgment below invades the jurisdiction of the United States District Court.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd* and *John R. Davison* of counsel), for respondent. I. Corporate creatures of the Federal Government are not immune from the police regulations of the States unless specifically endowed with such immunity by Congress; and Congress has neither expressly nor impliedly bestowed sovereign immunity on Defense Plant Corporation. (*Stewart & Co.* v. *Sadrakula,* 309 U. S. 94; *Fort Leavenworth R. R. Co.* v. *Lowe,* 114 U. S. 525; *Keifer & Keifer* v. *R. F. C.,* 306 U. S. 381; *R. F. C.* v. *Menihan Corp.,* 312 U. S. 81; *Continental Bank* v. *Rock Island Ry.,* 294 U. S. 648; *Federal Land Bank* v. *Priddy,* 295 U. S. 229; *F. H. A.* v. *Burr,* 309 U. S. 242; *Reagan* v. *Mercantile Trust Co.,* 154 U. S. 413; *Gielow* v. *Eastern Shore Shipbuilding Corp.,* 265 F. 845; *Gould Coupler Co.* v. *U. S. Shipping Board E. F. Corp.,* 261 F. 716; *Penn Dairies* v. *Milk Control Comm.,* 318 U. S. 261.) II. There is no undue burden on Federal functions. (*Lehigh Valley R. R.* v. *Commissioners,* 278 U. S. 24; *Matter of New York, Ontario & Western Ry. Co.,* 244 App. Div. 664, 271 N. Y. 567; *Barna* v. *State,* 293 N. Y. 877.) III. Unwise exercise of State power is not to be presumed. (*McCulloch* v. *Maryland,* 4 Wheat. 316; *Graves* v. *N. Y. ex rel. O'Keefe,* 306 U. S. 466; *Western Union Tel. Co.* v. *Richmond,* 224 U. S. 160.) IV. Neither National Lead Company nor Delaware and Hudson Railroad Corporation can derive any

claim to immunity through Defense Plant Corporation. (*Keifer & Keifer* v. *R. F. C.*, 306 U. S. 381; *R. F. C.* v. *Menihan Corp.*, 312 U. S. 81; *United States* v. *Baltimore & Annapolis R. R. Co.*, 176 Md. 383, 308 U. S. 525; *Penn Dairies* v. *Milk Control Comm.* (318 U. S. 270); *James* v. *Dravo Contracting Co.*, 302 U. S. 134; *Fidelity & Deposit Co.* v. *Pennsylvania*, 240 U. S. 319; *Alward* v. *Johnson*, 282 U. S. 509.) V. The order appealed from does not encroach upon the jurisdiction of the Federal courts nor does it portend such an encroachment. (*Fort Leavenworth R. R. Co.* v. *Lowe*, 114 U. S. 525; *People* v. *Kobryn*, 294 N. Y. 192; *Adams* v. *United States*, 319 U. S. 312; *People* v. *Vendome Service, Inc.*, 173 Misc. 825, 284 N. Y. 742; *James* v. *Dravo Contracting Co.*, 302 U. S. 134; *Stewart & Co.* v. *Sadrakula*, 309 U. S. 94; *St. Louis* v. *Western Union Telegraph Co.*, 148 U. S. 92; *Western Union Telegraph Co.* v. *Richmond*, 224 U. S. 160.) VI. Appellants are within the purview of section 21 of the Railroad Law. (*People ex rel. Bacon* v. *N. C. Ry. Co.*, 164 N. Y. 289.) VII. A proceeding under article 78 of the Civil Practice Act was the proper, and indeed the only adequate, remedy for the attainment of the relief sought. (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26; *Baird* v. *Board of Supervisors*, 138 N. Y. 95; *People ex rel. Burhans* v. *City of N. Y.*, 198 N. Y. 439; *People ex rel. Bacon* v. *N. C. Ry. Co.*, 164 N. Y. 289.)

LOUGHRAN, Ch. J. For the sake of convenience, the corporate parties are here given new names. Defense Plant Corporation is called the Federal Agency. National Lead Company is called the Mining Concern. The Delaware and Hudson Railroad Corporation is called the Local Railroad Company.

The Federal Agency was created at the behest of the War Production Board of the United States. It was set up under the Reconstruction Finance Corporation Act (U. S. Code, tit. 15, § 606b, subd. [3]) and is owned by the Reconstruction Finance Corporation, a body corporate of the United States. The Mining Concern is a foreign corporation which is licensed to do business in this State. The Local Railroad Company is a domestic railroad corporation.

In July 1942, these parties entered into a tripartite agreement whereby (1) the Federal Agency undertook to finance the construction of a railroad line from premises of the Mining Concern at Sanford Lake, N. Y. to the terminus of the Local

Railroad Company at North Creek, N. Y., a distance of thirty-three miles; (2) the Mining Concern undertook to arrange for the construction of such a railroad line, subject to the approval of the Federal Agency; and (3) the Local Railroad Company undertook to supervise the work of construction as architect-engineer and to operate and maintain the railroad line for the Mining Concern. These commitments were designed to facilitate transportation of minerals and ores of the Mining Concern that were essential to the war effort of the United States. Consequently the tripartite agreement made also the following provision: The Federal Agency was to be owner of the railroad line which was to be leased to the Mining Concern at a stated rental for a term to end thirty days after the date of termination of the unlimited emergency declared by the President of the United States on May 27, 1941, or in any event not later than June 30, 1949; but with the right to the Federal Agency to cancel the lease whenever the ores and minerals of the Mining Concern should cease to be necessary to the performance of contracts with the United States.

On October 30, 1942, the Secretary of War requested the Attorney General of the United States to institute proceedings in the United States District Court for the Northern District of New York to acquire all easements that were requisite to the establishment of the right-of-way of the planned railroad line, including rights of passage over nine public roads, three of which were State highways. Such proceedings were thereupon brought pursuant to the Second War Powers Act, 1942 (56 Stat. 177, U. S. Code, tit. 50, Appendix, § 632). Within the right-of-way area were 228 acres of the Forest Preserve of the State of New York and easements in that acreage were sought by the United States for the duration of the war emergency plus fifteen years. On November 9, 1942, the Federal District Court made an order granting to the United States immediate possession of all the easements so demanded. Whether a final decree has been entered in the condemnation proceedings is not clear upon the present record. Nor does it thereby appear that the United States has acquired any definite interest in lands of the State of New York. It is indicated, however, that the State of New York interposed in the condemnation proceedings an answer " asking that inasmuch as said railroad line will traverse the State Forest Preserve, the use of which

is limited by the State Constitution, said easement shall be limited in its duration to the present emergency.'' The briefs — not the record — suggest that this request was refused by the Federal court.

This present proceeding was brought by the Superintendent of Public Works of the State of New York. He insists that the railroad line of the Federal Agency is subject to requirements of the New York Railroad Law which will be stated in a moment. The Federal Agency, the Mining Concern, and the Local Railroad Company made a motion for dismissal of the superintendent's petition. The United States of America filed a Representation of Interest and joined in that motion. At Special Term the motion was granted, but the Appellate Division reversed and ordered the Federal Agency, the Mining Concern and the Local Railroad Company (1) to ask of the New York Supreme Court '' consent and approval '' for the construction of so much of the railroad line as was to be built across public highways; (2) to submit plans and specifications for such crossings to the petitioner as Superintendent of Public Works and to the Public Service Commission; and (3) to restore the public highways at such crossings to the former condition thereof. The case is now here on separate appeals of the Federal Agency, the Mining Concern and the Local Railroad Company. From this point on, these three parties will be called the appellants.

The first and third directions in the order of the Appellate Division are predicated upon the following provisions of section 21 of the Railroad Law of this State: '' No railroad corporation shall * * * construct its road * * * across, upon or along any highway in any town or street in any incorporated village, without the order of the supreme court of the district in which such highway or street is situated, made at a special term thereof, after at least ten days' written notice of the intention to make application for such order shall have been given to the superintendent of highways of such town, or board of trustees of the village in which such highway or street is situated, and also to the superintendent of public works in case such highway or street is one maintained in whole or in part by the state. * * * Every railroad corporation which shall build its road along, across or upon any * * *

street, highway * * * which the route of its road shall intersect or touch, shall restore the * * * street, highway * * * thus intersected or touched, to its former state, or to such state as not to have unnecessarily impaired its usefulness, and any such highway * * * may be carried by it, under or over its track, as may be found most expedient.''

This text of section 21 means: (1) The New York Supreme Court has power to say whether the construction of a railroad along, upon or across a public highway in a town or village of this State is in order as a matter of public propriety. (2) The business of renewing the public highway after such a construction is a continuing duty of restoration, maintenance and care and within limits requires railroad corporations to make such alterations of their highway appurtenances as from time to time become necessary to the public safety and convenience in keeping with regional developments and growth of traffic. (See *Post* v. *W. S. R. R. Co.,* 123 N. Y. 580, 588; *City of Olean* v. *Pennsylvania R. R. Co.,* 249 N. Y. 364; *Sturman* v. *New York Central R. R. Co.,* 280 N. Y. 57, 61; *Matter of Keeseville, Ausable Chasm & L. C. R. R. Co.,* 116 App. Div. 72; *Matter of H. & D. R. R. Co.* v. *Trustees of Dansville,* 127 App. Div. 867.)

As we said at the beginning, the railroad line of the appellants was to be an instrument of war which the United States was to construct and maintain upon a right-of-way that was acquired for that one purpose by the self-sufficient means of a condemnation decree of a Federal court. Interference with the execution of such a national function cannot be taken to have been authorized by any State statute. (See *Johnson* v. *Maryland,* 254 U. S. 51, 57; *Stewart & Co.* v. *Sadrakula,* 309 U. S. 94, 103–104; *Anderson Nat. Bank* v. *Luckett,* 321 U. S. 233, 248.) Hence the first of the above provisions of section 21 — the words that call for an enabling order of the New York Supreme Court — can have no valid application to the present case, and consequently the first direction in the order of the Appellate Division must be overruled.

Enforcement against the appellants of the other above provision of section 21 — the mandate for restoration and care of streets or highways which have been touched or intersected by railroads — probably would not disturb any national purpose in this instance and would perhaps be allowable on that basis,

(*Stewart & Co.* v. *Sadrakula,* 309 U. S. 94, 102–103.)   But we do not reach that proposition.   There is neither allegation, nor evidence, nor finding of any failure of the appellants to comply with that provision of section 21 and, that being so, the third direction in the order of the Appellate Division has no warrant in any event.

The second direction therein — that the appellants submit plans and specifications to the Superintendent of Public Works and to the Public Service Commission — is said to be sanctioned by section 52 of the New York Highway Law, section 89 of the New York Railroad Law and section 53 of the New York Public Service Law.   For reasons that may be shortly stated, none of the cited sections has any apparent bearing on the present controversy.

Section 52 of the Highway Law merely empowers the Superintendent of Public Works to prescribe conditions and regulations in respect of the construction of a railroad upon any portion of a State highway.   In that section no reference is made to the submission of plans or specifications to the superintendent; nor is there in this record allegation or evidence or finding of failure of the appellants to heed any request by the superintendent for submission of data of that kind.   Under section 53 of the Public Service Law, the Public Service Commission must give its permission and approval on the basis of necessity and convenience before a railroad may be constructed in this State.   Such consent of the commission is unnecessary, however, when — as in the present case — authority to construct a railroad in this State has been obtained from another valid source.   (See *City of New York* v. *Brooklyn City R. R. Co.,* 232 N. Y. 463.)   Section 89 of the Railroad Law applies only to railroad crossings constructed at grade and there is no showing that any crossing has been so constructed by the appellants.

The order of the Appellate Division should be reversed and that of Special Term affirmed, without costs.

LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur; MEDALIE, J., taking no part.

Ordered accordingly.