■ HANLEY ALBAHAE et al., Respondents, v CATSKILL MOUNTAIN RAILROAD COMPANY, INC., Appellant, and COUNTY OF ULSTER et al., Respondents. [719 NYS2d 298] —Mugglin, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 3, 2000 in Ulster County, which denied a motion by defendant Catskill Mountain Railroad Company, Inc. for summary judgment dismissing the complaint and cross claims against it.

Plaintiff Hanley Albahae (hereinafter plaintiff) seeks to recover for injuries sustained when he fell from his bicycle while attempting to cross railroad tracks owned by defendant Catskill Mountain Railroad Company, Inc. (hereinafter Catskill) at their intersection with Route 28A in the Town of Hurley, Ulster County. Catskill is the assignee of defendant Ulster County

Industrial Development Agency which originally leased the railroad tracks from defendant County of Ulster (hereinafter the County) for the purpose of creating a short haul railway tourist attraction. In denying Catskill's motion for summary judgment, Supreme Court rejected Catskill's argument that it was not liable to plaintiff since it had no legal duty to maintain the grade crossing.

We affirm. Railroad Law § 21 provides in relevant part that "[i]n all cases where a railroad crosses a highway at grade, the corporation owning or operating such railroad shall construct and maintain a roadway at least sixteen feet wide." This duty of maintenance which requires the operating railroad entity to maintain the grade crossing in a reasonable, safe condition for users of the highway (see, *Masterson v City of Mechanicville*, 274 App Div 736, 741, *affd* 300 NY 574) is continuous (see, *Matter of Sells v Defense Plant Corp.*, 295 NY 227, 235; *Sturman v New York Cent. R. R. Co.*, 280 NY 57, 61; *City of Mount Vernon v New York, New Hartford & Hartford R. R. Co.*, 232 NY 309, 317), and may not be delegated or abrogated in any way (see, *Masterson v New York Cent. & Hudson Riv. R. R. Co.*, 84 NY 247, 255; *Butin v New York Cent. & Hudson Riv. R. R. Co.*, 100 App Div 42, 44). Nor may an operating railroad escape liability for injuries allegedly caused by its improper maintenance of the grade crossing when its interest in the railroad is acquired by lease (see, *Wasmer v Delaware, Lackawanna & W. R. R. Co.*, 80 NY 212, 216). Thus, we reject Catskill's argument that since the County retained all maintenance obligations on the property under the lease it has no legal duty of maintenance.

Next, we find no merit to Catskill's argument that Railroad Law § 93-a eliminates its duty of maintenance at this grade crossing. Although this particular statute authorizes transfer of maintenance responsibilities for highway-railroad crossings, there may be a transference only if the railroad in question is abandoned, there is an agreement with respect to maintenance by the succeeding entity, and the transference of responsibility is approved by the Commissioner of Transportation (see, Railroad Law § 93-a). Here, Catskill failed to submit evidence that the railroad was abandoned or that the County assumed maintenance obligations and the Commissioner of Transportation approved the transfer of the obligation of maintenance. Further, in this regard, we believe a question of fact exists regarding Catskill's contention that under the lease agreement, maintenance obligations are solely the responsibility of the County.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.