■ REBECCA REYES, Appellant, v CSX TRANSPORTATION, INC., Respondent, et al., Defendants. (And a Third-Party Action.) [796 NYS2d 606]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered January 27, 2004, which granted defendant CSX Transportation, Inc.'s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and, upon a search of the record, plaintiff granted partial summary judgment on the issues of whether defendant owed her a duty, pursuant to Railroad Law § 21, and whether the rails in question constitute a special use of the street. Appeal from order, same court and Justice, entered July 2, 2004, which denied plaintiff's motion to reargue, in part, and her motion to renew, in its entirety, unanimously dismissed, without costs.

Plaintiff, an employee of Hunt's Point Terminal Produce Cooperative Association, Inc. (Hunt's Point), was directed by her supervisor to close certain gates, which are opened when defendant's trains come through and closed thereafter. Plaintiff, upon exiting her vehicle, allegedly wedged her right foot between a rail and a broken piece of asphalt, causing her to fall and sustain injuries. The rails are located on a public street near the intersection of Lafayette Avenue and Edgewater Road, and are owned by the City of New York. Hunt's Point is responsible for maintaining the rails, although defendant has

the right to inspect and repair the rails pursuant to a sidetrack agreement.

Defendant moved for summary judgment and argued, inter alia, that it did not own the land, was not in control of the area where the injury occurred, and was not responsible for its maintenance. Plaintiff countered that the incident resulted from defendant's special use of the public street, and that defendant created the dangerous condition. Plaintiff submitted the report of a transportation engineer, Robert T. Hintersteiner, and later submitted an affidavit from Hintersteiner.

The motion court granted defendant's motion and dismissed the complaint, holding that defendant owed no duty to plaintiff as it "was not the owner, was not in exclusive control and did not contract to inspect and maintain the accident area." The motion court also rejected plaintiff's special use argument on the ground that defendant was not an abutting landowner and did not have control over the area where the accident occurred.

Plaintiff filed a timely notice of appeal from the motion court's order and also moved to renew and reargue her motion, contending that the motion court overlooked her expert affidavit, that the doctrine of special use applied, and, raised for the first time, that Railroad Law § 21 imposes a nondelegable duty on defendant to maintain the grade crossing in a reasonably safe condition. The motion court denied plaintiff's motion to renew, noting that Railroad Law § 21 existed at the time plaintiff made her original motion, and granted that branch of the motion to reargue to the extent of acknowledging that it had failed to consider the affidavit of plaintiff's expert. The motion court then adhered to its original decision, finding the expert's affidavit to be "completely speculative and not based on any tests proffered by any of the witnesses deposed nor on the expert's personal knowledge." Plaintiff also appeals from this order.

While the issue of the applicability of Railroad Law § 21 was not raised by plaintiff in her original motion, and there is some question as to whether it is the proper subject of a motion to renew or reargue, we nevertheless review this claim as it presents a question of law that may be raised for the first time at this juncture (*Tradewinds Fin. Corp. v Refco Sec.*, 5 AD3d 229 [2004]; *Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209-210 [1996], *lv denied* 88 NY2d 811 [1996]). We conclude that Railroad Law § 21 imposes a duty of maintenance which requires the operating railroad to maintain grade crossings in a reasonable, safe condition, and that such duty is continuous, nondelegable, and is not abrogated when its interest in the railroad is acquired by lease (*Albahae v Catskill Mtn. R.R. Co.*, 278 AD2d 639, 640 [2000]).

We agree with the motion court that plaintiff's expert's affidavit was speculative and not based on evidence in the record, such as the frequency, weight or length of the trains that passed over the rails at the site of plaintiff's alleged accident, and was therefore properly discounted.

Finally, the doctrine of special use "was fashioned in New York in the [19th] century, to authorize the imposition of liability upon an adjacent occupier of land for injuries arising out of circumstances where 'permission [has been] given, by a municipal authority, to interfere with a street solely for private use and convenience in no way connected with the public use' " (*Kaufman v Silver*, 90 NY2d 204, 207 [1997], quoting *Clifford v Dam*, 81 NY 52, 56-57 [1880]), and the imposition of such duty is based upon the "land occupier's access to and ability to exercise control over the special use structure or installation" (*Kaufman v Silver*, 90 NY2d at 207).

The tracks, imbedded in the public street, constitute a special use (*see Nickelsburg v City of New York*, 263 App Div 625 [1942]), as CSX had access and the ability to exercise control over the tracks pursuant to the sidetrack agreement it entered into with Hunt's Point, which provided, inter alia, that the railroad "may enter [Hunt's Point] property at any time for the purpose of inspecting, repairing or operating over the Sidetrack."

We note, however, that issues of fact still exist as to whether CSX breached its statutory duty of maintenance under Railroad Law § 21, and whether its special use of the public street caused the defect that resulted in plaintiff's alleged injuries (*see Granville v City of New York*, 211 AD2d 195, 198 [1995]). Concur—Mazzarelli, J.P., Saxe, Friedman, Nardelli and Catterson, JJ.